UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Magistrate No. 08-MJ-402(FLN)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER FOR DETENTION** |
| | ) | |
| v. | ) | |
| | ) | |
| SEAN ANTHONY OGLE, | ) | |
| | ) | |
| Defendant. | ) | |

This matter was before the Court on October 6, 2008, for a preliminary hearing, a removal hearing, and a hearing on the government's motion for detention. Defendant was present and represented by Andrea George, Assistant Federal Defender. The government was represented by Nathan P. Petterson, Assistant United States Attorney. Probable cause was found and identity was established, so defendant was bound over for further proceedings by a United States Grand Jury in the District of North Dakota. Based upon the evidence adduced, the arguments of counsel, and all the files and proceedings herein, the Court finds by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of the community. In addition, the Court concludes by a preponderance of the evidence that no condition or combination of conditions will reasonably ensure defendant's appearance in court. Accordingly, the government's motion for detention without bond is granted.

FINDINGS OF FACT

1.   Defendant is charged by a Criminal Complaint signed on October 2, 2008, by the Honorable Karen K. Klein, United States Magistrate Judge in the District of North Dakota, Southeastern Division.  The Criminal Complaint charges defendant with conspiring to distribute and possess with intent to distribute methamphetamine, in violation of 21 U.S.C. § 846.

2.   The Criminal Complaint is based on an Affidavit signed by Task Force Officer Charles Anderson, of the Drug Enforcement Administration.  The government called Special Agent Michael Kaneko, of the Minnesota Bureau of Criminal Apprehension to testify at the hearing.  The Affidavit and the testimony of Special Agent Kaneko allege that various persons have identified defendant as having been involved in the distribution of methamphetamine in Fargo, North Dakota.  Defendant was arrested on October 1, 2008, and had a quantity of suspected methamphetamine on his person.

3.   According to the report of United States Pretrial Services, the defendant has two prior felony convictions.  In 1989 he was convicted of distribution of cocaine in federal court in North Dakota.  In 2002 he was convicted of being a prohibited person in possession of a firearm in Hennepin County.  The report indicates that for the Hennepin County conviction, defendant had a probation violation warrant issued for failure to remain in contact with his probation officer, and failure to keep probation

2

appointments on several dates.  The report also indicates that in 2001 defendant had a bench warrant issued in Hennepin County for a traffic offense.  The report states that defendant has been unemployed for approximately one year.  The report states that defendant admitted past use of methamphetamine.  The report indicates that defendant relocated from Fargo, North Dakota to Minneapolis, Minnesota approximately twenty-one years ago, where he resided until his arrest.

CONCLUSIONS OF LAW

1.   As a result of the fact that defendant has been charged with a controlled substance offense with a maximum term of imprisonment of ten years or more, a rebuttable presumption arises pursuant to 18 U.S.C. § 3142(e), that no condition or combination of conditions of release will reasonably assure the appearance of defendant as required and the safety of the community.

2.   Under 18 U.S.C. § 3142, pretrial detention may be ordered either upon a clear and convincing showing that release will result in a danger to the community or upon a showing by a preponderance of the evidence that release will result in a serious risk of flight.  United States v. Abad, 350 F.3d 793, 797 (8th Cir. 2003); United States v. Sazenski, 806 F.2d 846, 848 (8th Cir. 1986).

3.   Based upon the evidence presented, the Court finds that detention is justified under both of these criteria.  Danger to the community is evident from the nature of the instant offense, as

well as defendant's prior criminal record, which includes a felony conviction involving drug trafficking, and a felony conviction involving possession of a firearm.   The risk of flight is also great.   Defendant is facing serious charges, which carry a substantial potential penalty; his criminal history reflects the issuance of a prior bench warrant, and a probation violation warrant for failure to comply with conditions; he has been unemployed for approximately one year; he has a history of drug use; and he has a lack of ties to the Fargo area, where these charges arise.

Accordingly,

IT IS HEREBY ORDERED that:

1.   The motion of the United States for detention of defendant is granted;

2.   Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

3.   Defendant shall be afforded reasonable opportunity to consult privately with his lawyer; and

4.   Upon Order of the Court or request by the United States Attorney, the person in charge of the corrections facility in which the defendant is confined shall deliver him to the United States

Marshal for the purpose of appearance in connection with a court proceeding.

Dated:  October 16, 2008

                                   s/Jeffrey J. Keyes
                                  JEFFREY J. KEYES
                                  United States Magistrate Judge